1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

—o0o—

13

14    LAZARO BUSTOS ABARCA,       )   1:04-CV-05599 OWW JMD HC
                                               )

15                     Petitioner,       )   FINDINGS AND RECOMMENDATION
                                               )   REGARDING PETITION FOR WRIT OF

16      v.                               )   HABEAS CORPUS
                                                 )

17                                                  )
   KATHY MENDOZA-POWERS,          )

18                                                  )
                     Respondent.      )

19 _____ )

20
21       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

22 pursuant to 28 U.S.C. § 2254.  This action has been referred to this court pursuant to 28 U.S.C.

§ 636(b)(1) and Local Rule 72-302.[1]

23

## PROCEDURAL HISTORY

24
25       Petitioner is currently in the custody of the California Department of Corrections pursuant

26 _____

27      [1]  Pursuant to Federal Rules of Civil Procedure Rule 25(d), We substitute Kathy
Mendoza-Powers, current Warden of Avenal State Prison, for Pat L. Vasquez, as named

28 Respondent.

1   to a judgment of the Superior Court of California, County of Kern.  On September 5, 2002, after

2   a jury trial, Petitioner was found guilty of:  unlawful transportation or sale of methamphetamine

3   (Cal. Health & Safety Code § 11379(a)) (count one); possession of methamphetamine for sale

4   (Cal. Health & Safety Code § 11378) (count two); possession of methamphetamine while armed

5   with a firearm (Cal. Health & Safety Code § 11370.1(a)) (count three); and possession of a

6   firearm by a convicted felon (Cal. Penal Code § 12021(a)(1)) (count four).  On October 3, 2002,

7   the trial court sentenced Petitioner to nine years in state prison.

8          On October 7, 2002, Petitioner timely appealed his conviction to the California Court of

9   Appeal, Fifth Appellate District ("Fifth DCA").  After briefing by the parties, on October 8,

10  2003, the Fifth DCA affirmed the judgment.  See Answer, Ex. 4.

11         On or about November 10, 2003, Petitioner filed a petition for review with the California

12  Supreme Court.  On December 17, 2003, the California Supreme Court denied the petition for

13  review.

14         On February 24, 2005, Petitioner filed a petition for writ of habeas corpus in the

15  California Supreme Court. On March 23, 2005, the California Supreme Court denied the petition.

16         On April 12, 2004, Petitioner filed the instant Petition for Writ of Habeas Corpus.  The

17  Petition was dismissed on November 2, 2004.  On November 5, 2004, Petitioner filed a motion

18  for reconsideration of the order dismissing his habeas petition.  Petitioner's motion was granted

19  and his case reopened on November 23, 2004.

20         On January 27, 2005, Petitioner filed an Amended Petition for Writ of Habeas Corpus

21  before this Court.  Respondent filed an Answer to the Petition on August 10, 2005.

22                          FACTUAL BACKGROUND[2]

23         On June 15, 2002, Bakersfield officers, members of the California Multi-jurisdictional

24  Methamphetamine Enforcement Team ("CAL-MMET"), conducted a parole search of

25  Petitioner's person and home.  The officers also searched a white Nissan driven by Petitioner's

26

27  ─────────────

28         [2]  The Court adopts the statement of facts taken from the opinion of the Fifth DCA, dated
    October 8, 2003.

ed                                    2

girlfriend, but owned by Petitioner.  In searching the vehicle, officers found a total of 83.01

grams of methamphetamine and a digital scale underneath the hood of the car.  In the trunk of the

car, the officers found 0.31 grams of methamphetamine melted into tinfoil.  When searching

Petitioner, officers found .45 grams of methamphetamine in the right coin pocket of his pants and

19.82 grams of methamphetamine in the left front pocket of his pants.  The officers also found

$200 in Petitioner's wallet.  While searching Petitioner's residence, police found pay owe sheets,

two smoking pipes, black plastic baggies, and a shotgun with ammunition.  A plastic cylinder

containing another 3.14 grams of methamphetamine was lying in plain view in Petitioner's front

yard.

## DISCUSSION

### I.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody

pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

529 U.S. 362, 375, n. 7 (2000).  Petitioner asserts that he suffered violations of his rights as

guaranteed by the U.S. Constitution.  In addition, the conviction challenged arises out of the

Fresno County Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. §

2254(a); 2241(d).  Accordingly the Court has jurisdiction over this action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), cert. denied, 522 U.S. 1008 (1997); Jeffries

v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th

Cir. 1996), cert. denied, 520 U.S. 1107 (1997), overruled on other grounds by Lindh v. Murphy,

521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after its enactment).  The

instant petition was filed after the enactment of the AEDPA and is therefore governed by its

provisions.

### II.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

1  custody pursuant to the judgment of a state court only on the ground that he is in custody in

2  violation of the Constitution or laws or treaties of the United States."  28 U.S.C . § 2254(a).

3        The instant petition is reviewed under the provisions of the AEDPA.  <u>Lockyer v.

4  Andrade</u>, 538 U.S. 63, 70 (2003).  Under the AEDPA, a petition for habeas corpus will not be

5  granted unless the adjudication in question "resulted in a decision that was contrary to, or

6  involved an unreasonable application of, clearly established Federal law, as determined by the

7  Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable

8  determination of the facts in light of the evidence presented in the State Court proceeding."  28

9  U.S.C. § 2254(d); *see* <u>Lockyer</u>, 538 U.S. at 70-71; <u>Williams</u>, 529 U.S. at 413.

10        As a threshold matter, this Court must "first decide what constitutes 'clearly established

11  Federal law, as determined by the Supreme Court of the United States.'" <u>Lockyer</u>, 538 U.S. at 71,

12  *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining "clearly established Federal law," the Court

13  looks to the "holdings, as opposed to the dicta, of [Supreme Court] decisions as of the time of the

14  relevant state-court decision."  <u>Id.</u>, *quoting* <u>Williams</u>, 592 U.S. at 412.  "In other words, 'clearly

15  established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth

16  by the Supreme Court at the time the state court renders its decision."  <u>Id.</u>

17        Finally, this Court must consider whether the state court's decision was "contrary to, or

18  involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at

19  72, *quoting* 28 U.S.C. § 2254(d)(1).  "Under the 'contrary to' clause, a federal habeas court may

20  grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme]

21  Court on a question of law or if the state court decides a case differently than [the] Court has on a

22  set of materially indistinguishable facts."  <u>Williams</u>, 529 U.S. at 413; *see also* <u>Lockyer</u>, 538 U.S.

23  at 72.  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the

24  state court identifies the correct governing legal principle from [the] Court's decisions but

25  unreasonably applies that principle to the facts of the prisoner's case."  <u>Williams</u>, 529 U.S. at

26  413.

27        This Court may not issue the writ simply because in its independent judgment the state

28  court decision applied clearly established federal law erroneously or incorrectly; for a writ to

1  issue, 'that application must also be unreasonable." Id. At 411.  A federal habeas court making

2  the "unreasonable application" inquiry should ask whether the state court's application of clearly

3  established federal law was 'objectively unreasonable." Id. At 409.

4       Petitioner has the burden of establishing that the decision of the state court is contrary to

5  or involved an unreasonable application of United States Supreme Court precedent.  Baylor v.

6  Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the

7  states, ninth circuit precedent remains relevant persuasive authority in determining whether a

8  state court decision is objectively unreasonable.  See Duhaime v. Ducharme, 200 F.3d 597, 600-

9  01 (9th cir. 1999).

10       AEDPA requires that this court give considerable deference to state court decisions.  The

11  state court's factual findings are presumed correct.  28 U.S.C. § 2254(e)(1).  Moreover, we are

12  bound by a state's interpretation of its own laws.  Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.

13  2002), cert. denied, 537 U.S. 859 (2002), rehearing denied, 537 U.S. 1149 (2003).

14       Application of these standards is significantly impeded where, as here, the state court

15  supplies no reasoned decision on some or all of a petitioner's claims. Delgado v. Lewis, 223 F.3d

16  976, 981 (9th Cir.2000). Under such circumstances, the Court independently reviews the record to

17  determine whether the state court clearly erred in its application of Supreme Court law. Delgado

18  v. Lewis, 223 F.3d 976, 982 (9th  Cir.2000) ("Federal habeas review is not de novo when the state

19  court does not supply reasoning for its decision, but an independent review of the record is

20  required to determine whether the state court clearly erred in its application of controlling federal

21  law."); see also, e.g., Greene v. Lambert, 288 F.3d 1081, 1089 (9th Cir.2002).  That is, although

22  the Court independently reviews the record, it still defers to the state court's  ultimate decision.

23  III.  Review of Petitioner's Claims

24       **A.**    **Claim One:  Improper Admission of Evidence**

25       In his first claim for relief, Petitioner alleges that the trial court improperly admitted

26  evidence of a prior bad act in violation of his due process rights.  He further claims the trial court

27  improperly instructed the jury regarding the prior bad act.

28       1.    Background

1    Prior to trial, the prosecutor filed a motion to admit evidence of Petitioner's prior arrest

2    for possession and sale of methamphetamine to prove knowledge and intent under Cal. Evidence

3    Code section 1101(b).[3]  The evidence related to Petitioner's 1997 arrest for possession of

4    methamphetamine and his 1998 arrest for possession of methamphetamine for sale.  The

5    prosecutor argued the evidence was admissible for those purposes and not unduly prejudicial

6    because the current offense was substantially similar to the facts leading to the 1998 arrest in that

7    both involved Petitioner's possession of a gun, large amounts of methamphetamine and a car that

8    he apparently owned but not in his own name.  Defense counsel maintained that the incident had

9    weak probative value and was unduly prejudicial.

10    After hearing argument on the motion, the trial court denied the admission of the 1997

11    arrest for possession, but allowed the admission of the 1998 arrest for possession for sale.  See

12    Reporter's Transcript ("RT") at 10-12.  The court determined that the evidence was relevant on

13    the issue of intent to sell, that the past crime in question was substantially similar to the charged

14    offense, and that the prejudice was not so great as to outweigh the probative value of the

15    evidence.

16        2.    State Court Review

17    Petitioner's claim was first presented on direct appeal to the Fifth DCA, which rejected

18    said claim in a reasoned opinion.  See Answer, Ex. 4 at 3-6.  The appellate court held that the

19    trial court did not abuse its discretion in admitting the evidence because intent was a critical

20    issue, and evidence of prior activity involving possession for sale was highly probative on that

21    issue. Id. at 5.  The Fifth DCA found sufficient similarities between the prior drug-related

22    activity and the current charged crime.  Id. at 5-6.  Finally, the court concluded that any prejudice

23    resulting from the admission of the evidence was ameliorated by the trial court's limiting

24    instruction.  Id.

25        3.    Analysis of Petitioner's Claim

26    _____

27        [3]  Cal. Evidence Code section 1101(b) provides for the admission of prior bad acts

28    evidence where relevant to prove some fact (e.g. motive, opportunity, or intent) other than the
defendant's disposition to commit such an act.

ed                                6

1    The determination of the Fifth DCA is not contrary to nor an unreasonable application of

2    clearly settled federal law.  Generally, the admissibility of evidence is a matter of state law, and is

3    not cognizable in a federal habeas corpus proceeding. Estelle v. McGuire, 502 U.S. 62, 68 (date);

4    Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.), cert. denied, 478 U.S. 1021 (1985).

5    Nevertheless, there can be habeas relief for the admission of prejudicial evidence if the admission

6    was fundamentally unfair and resulted in a denial of due process. Estelle, 112 S.Ct. at 482; Pulley

7    v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874 (1984); Walters v. Maas, 45 F.3d 1355, 1357 (9th

8    Cir. 1995); Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), cert. denied, 510 U.S. 1191,

9    114 S.Ct. 1294 (1994); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).  However, the failure

10   to comply with state rules of evidence alone is neither a necessary nor a sufficient basis for

11   granting federal habeas relief on due process grounds.  Jammal v. Van de Kamp, 926 F.2d 918,

12   919-920 (9th Cir. 1991).  Only if there are no permissible inferences that the jury may draw from

13   the evidence can its admission rise to the level of a due process violation.  Id. at 920.  Intent is a

14   permissible inference that the jury may draw from the evidence of prior bad acts.  See, Houston

15   v. Roe, 177 F.3d 901, 910 n. 6 (9th Cir. 1999).

16   Federal courts have upheld the admission of past crimes evidence where: (1) there is

17   sufficient proof that defendant committed the prior act; (2) the prior act is not too remote in time;

18   (3) the prior act is similar (if admitted to show intent); (4) the prior act is used to prove a material

19   element; and (5) probative value is not substantially outweighed by prejudice.  See, Walters v.

20   Maas, 45 F.3d 355, 1357-58 (9th Cir. 1995) (upholding state admission of prior on federal habeas

21   review); see, also, United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992), cert. denied, 114

22   S.Ct. 113 (1993).  The evidence of Petitioner's 1998 arrest for possession for sale of

23   methamphetamine did not violate Petitioner's due process rights.  First, Petitioner's 1999

24   conviction on the arrest in question is sufficient proof that Petitioner committed the prior bad act.

25   Nor is the incident too remote in time to have probative value in comparison to the offenses for

26   which Petitioner was convicted in 2002.  Moreover, as noted by the trial court and the Fifth

27   DCA, there is sufficient similarity between the charged offense and the admitted prior bad act in

28   question.  Both arrests involved Petitioner's possession of a gun, large amounts of

ed

methamphetamine and a car that he apparently owned but not in his own name.  And the evidence of Petitioner's past arrest and conviction was probative of the material element of intent to distribute.  Finally, We do not find that the probative value of the evidence was substantially outweighed by any prejudice resulting from its admission, particularly in light of the trial court's limiting instruction on the use of the evidence.

In sum, Petitioner has failed to demonstrate that the determination of the Fifth DCA is contrary to or an unreasonable application of clearly settled federal law.  Accordingly, Petitioner's claim should be denied.

## B.    Claim Two: Abuse of Discretion

In his second claim, Petitioner alleges the trial court erred by admitting evidence of his prior conviction for possession of methamphetamine for sale without a jury trial to determine the truth of his prior conviction.  We find that Petitioner has not exhausted his state ground for relief for this claim because it was not raised in his direct appeal or state habeas petition.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

ed

1  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

2  violated his due process rights "he must say so, not only in federal court but in state court."

3  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

4  insufficient to present the "substance" of such a federal claim to a state court.  See, Anderson v.

5  Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

6  that the "due process ramifications" of an argument might be "self-evident."); Gray v.

7  Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

8  must include reference to a specific federal constitutional guarantee, as well as a statement of the

9  facts which entitle the petitioner to relief.").

10        Under the AEDPA, exhaustion can be waived by respondent. 28 U.S.C. § 2254(b)©.  The

11  Court can also excuse exhaustion if "(I) there is an absence of available State corrective process;

12  or (ii) circumstances exist that render such a process ineffective to protect the rights of the

13  application." 28 U.S.C. § 2254(b)(1)(B).  In this case, respondent has not waived exhaustion.  In

14  addition, California provides avenues for Petitioner to pursue state claims.   For example, these

15  claims may be presented in a petition for writ of habeas corpus.  See Cal. Penal Code §§ 1473 -

16  14758.   Finally, there are not sufficient circumstances in this case for the Court to ignore the

17  United States Supreme Court's admonishment that comity demands exhaustion and find that

18  California's corrective processes are ineffective to protect Petitioner's rights.

19        Accordingly, Petitioner's unexhausted claim should be dismissed.

20        **C.     Claim Three: Improper Admission of Evidence**

21        In his third claim, Petitioner alleges that the trial court improperly admitted into evidence

22  the content of a prayer card found with the methamphetamine in Petitioner's vehicle.  At trial, a

23  deputy testified without defense objection that a prayer card was found along with the drugs and

24  that the card stated: "Malverde, my Lord, you are the glory in your God.  Listen to my sufferings.

25  Listen to the sufferings of this humble sinner."  The deputy further testified that the prayer goes

26  on to ask for help from him and his people and to defend them from justice and from the jails of

27  the powerful.  He asks that this favor be granted and to fill his soul with joy, health and well-

28  being.  In addition to the content of the prayer card, the prosecution sought to introduce expert

ed                                          9

1   testimony as to the significance of the prayer – namely, that it was directed to the patron saint of

2   drug transporters.  The trial court determined that expert testimony as to the significance of the

3   prayer card was not admissible.  The court did, however, permit the card to be admitted into

4   evidence.

5       Petitioner asserts that the trial court violated his due process rights by permitting the

6   content of the prayer card to be read into evidence.  Petitioner's claim was first presented in his

7   petition for writ of habeas corpus to the California Supreme Court, filed February 24, 2005.  The

8   California Supreme Court denied Petitioner's claim without comment.  We therefore

9   independently review the record to determine whether the state court reasonable applied Supreme

10  Court law.  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir.2000) ("Federal habeas review is not de

11  novo when the state court does not supply reasoning for its decision, but an independent review

12  of the record is required to determine whether the state court clearly erred in its application of

13  controlling federal law."); see also, e.g., Greene v. Lambert, 288 F.3d 1081, 1089 (9th Cir.2002).

14      We again start with the proposition that admissibility of evidence is generally a matter of

15  state law, and is not cognizable in a federal habeas corpus proceeding. Estelle v. McGuire, 502

16  U.S. 62, 68 (date); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.), cert. denied, 478 U.S.

17  1021 (1985).  There can be habeas relief for the admission of prejudicial evidence if the

18  admission was fundamentally unfair and resulted in a denial of due process. Estelle, 112 S.Ct. at

19  482; Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874 (1984); Walters v. Maas, 45 F.3d

20  1355, 1357 (9th Cir. 1995); Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), cert. denied,

21  510 U.S. 1191, 114 S.Ct. 1294 (1994); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).

22  However, only if there are no permissible inferences that the jury may draw from the evidence

23  can its admission rise to the level of a due process violation.  Jammal v. Van De Kamp, 926 F.2d

24  918, 920 (9th Cir. 1991).

25      Petitioner has failed to allege facts or cite any legal authority to demonstrate how the

26  reading of the content of the prayer card into evidence rendered his trial fundamentally unfair.

27  Rather, as the trial court notes, while the evidence was not particularly strong, the jury could

28  permissibly have inferred that whoever possessed the card was conscious of guilt, based on the

1   prayer's language seeking protection from justice and from jail.  Given that a permissible

2   inference could be drawn from the evidence admitted, and given the lack of evidence tending to

3   show that the prejudicial impact of the evidence significantly outweighed its probative value, We

4   find the admission of the prayer card into evidence was not fundamentally unfair and did not

5   result in a violation of Petitioner's due process rights.  The California Supreme Court's denial of

6   Petitioner's claim was not unreasonable in light of controlling Supreme Court authority.  Thus,

7   Petitioner's claim should be denied.

8   ## C.   Claim Four: Ineffective Assistance of Counsel

9   In his fourth claim, Petitioner argues his trial counsel was ineffective in failing to object

10  to: (1) the admission of a booking photo showing Petitioner in shackles and jail garb; and (2) the

11  admission of the contents of the prayer card.  Petitioner also asserts ineffective assistance by

12  virtue of trial counsel's failure to investigate, since trial counsel had not seen the prayer card

13  prior to trial.

14  The law governing ineffective assistance of counsel claims is clearly established for the

15  purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v. Roe,

16  151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective

17  assistance of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S.

18  668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First,

19  the petitioner must show that counsel's performance was deficient, requiring a showing that

20  counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by

21  the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's

22  representation fell below an objective standard of reasonableness, and must identify counsel's

23  alleged acts or omissions that were not the result of reasonable professional judgment

24  considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348

25  (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges

26  a strong presumption that counsel's conduct falls within the wide range of reasonable

27  professional assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v.

28  Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

1   Second, the petitioner must demonstrate that "there is a reasonable probability that, but
2   for counsel's unprofessional errors, the result ... would have been different," <u>Strickland</u>, 466 U.S.
3   at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a
4   fair trial, one whose result is reliable.  <u>Id.</u> at 688.  The court must evaluate whether the entire trial
5   was fundamentally unfair or unreliable because of counsel's ineffectiveness.  <u>Id.</u>; <u>Quintero-</u>
6   <u>Barraza</u>, 78 F.3d at 1345; <u>United States v. Palomba</u>, 31 F.3d 1356, 1461 (9th Cir. 1994).

7   A court need not determine whether counsel's performance was deficient before
8   examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.
9   <u>Strickland</u>, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must
10  affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily
11  fail. However, there are certain instances which are legally presumed to result in prejudice, e.g.,
12  where there has been an actual or constructive denial of the assistance of counsel or where the
13  State has interfered with counsel's assistance. <u>See</u> <u>Strickland</u>, 466 U.S. at 692; <u>United States v.</u>
14  <u>Cronic</u>, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

15  Ineffective assistance of counsel claims are analyzed under the "unreasonable
16  application" prong of <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  <u>Weighall v. Middle</u>, 215 F.3d
17  1058, 1062 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may
18  grant the writ if the state court identifies the correct governing legal principle from [United States
19  Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's
20  case."  <u>Williams</u>, 529 U.S. at 413.  The habeas corpus applicant bears the burden to show that
21  the state court applied United States Supreme Court precedent in an objectively unreasonable
22  manner.  <u>Price v. Vincent</u>, 538 U.S. 634, 640 (2003).  With this standard in mind, the Court now
23  turns to each of Petitioner's claims of ineffective assistance of counsel.

24  <u>Failure to Object – Admission of the Booking Photo</u>

25  Petitioner first claims trial counsel was ineffective in failing to object to the admission of
26  a booking photo taken in relation to Petitioner's 1998 arrest for the possession for sale of
27  methamphetamine.  Petitioner's claim is without merit, as he fails to demonstrate that trial
28  counsel's failure to object was not the result of reasonable professional judgment considering the

1  circumstances. <u>Strickland</u>, 466 U.S. at 688; <u>United States v. Quintero-Barraza</u>, 78 F.3d 1344,

2  1348 (9th Cir. 1995). Rather, the record demonstrates that trial counsel stipulated to the

3  admission of the photograph as proof of Petitioner's past conviction in order to avoid a more

4  lengthy and potentially damaging evidentiary process on that issue. <u>See</u> Reporter's Transcript

5  ("RT") at 197-198. Because Petitioner fails to demonstrate that trial counsel's actions fell

6  outside the range of reasonable professional assistance, he is not entitled to relief on this claim.

7  <u>Strickland</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); <u>Sanders v. Ratelle</u>, 21 F.3d 1446,

8  1456 (9th Cir.1994).

9                 <u>Failure to Object – Admission of the Testimony Regarding the Prayer Card</u>

10         Petitioner next claims trial counsel was ineffective in failing to object to the admission

11  into evidence of the language of the prayer card found in which a substantial amount of

12  methamphetamine was also found. This claim is also without merit, as the record discloses that

13  trial counsel did make multiple objections to the admission of evidence relating to the prayer

14  card. <u>See</u> RT at 38 (objecting as to relevance), 48 (objecting to a witness's description of the

15  significance of the card as nonresponsive), 70 (objections on grounds of relevance and

16  foundation), 73 (objecting on the grounds that the prejudicial effect of the evidence substantially

17  outweighs its probative value). The trial court ultimately permitted the prosecution to admit the

18  prayer card into evidence, but did not permit the prosecution to opine as to the significance of the

19  card. <u>Id.</u> at 73-74. Given trial counsel's numerous objections to the admission of the prayer card

20  into evidence, Petitioner's assertion that counsel failed to act diligently on his behalf with respect

21  to the evidence in question is not supported on the record. Accordingly, Petitioner's claim

22  should be denied.

23                          <u>Failure to Investigate</u>

24         Defense counsel has a "duty to make reasonable investigations or to make a reasonable

25  decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691, 104 S.Ct.

26  2052. This includes a duty to investigate the defendant's "most important defense," Sanders, 21

27  F.3d at 1457, and a duty adequately to investigate and introduce into evidence  records that

28  demonstrate factual innocence, or that raise sufficient doubt on that question to undermine

ed                                    13

1    confidence in the verdict. Hart v. Gomez, 174 F.3d 1067, 1070 (9th Cir.1999). However, "the

2    duty to investigate and prepare a defense is not limitless: it does not necessarily require that every

3    conceivable witness be interviewed." Hendricks v. Calderon, 70 F.3d 1032, 1040 (9th Cir.1995)

4     (citations and quotations omitted).

5           Whether a failure to investigate actually prejudiced a defendant is weighed against the

6    "totality of the evidence before the judge or jury." Id. at 695, 104 S.Ct. 2052.  "[A] verdict or

7    conclusion only weakly supported by the record is more likely to have been affected by errors

8    than one with overwhelming record support." Id. at 696, 104 S.Ct. 2052; see also Bragg v.

9    Galaza, 242 F.3d 1082, 1088 (9th Cir.2001) (holding that "ineffective assistance claims based on

10   a duty to investigate must be considered in light of the strength of the government's case"), 798

11   F.2d 374, 376 (9th Cir.1986) (quoting Eggleston v. United States ).

12          Petitioner's failure to investigate claim is based on trial counsel's alleged unfamiliarity

13   with prosecution exhibit four (the prayer card) prior to trial.  Defense counsel stated "I might

14   note I was not shown this prior to the witness being on the stand and testifying.  He was handed a

15   brown paper bag that had four written on it, and was then shown to the witness."  RT at 200.

16   First, trial counsel's statement does not necessarily indicate a lack of awareness as to the

17   existence of the prayer card.  Rather, trial counsel simply complains that he was not given

18   adequate opportunity to determine which exhibit was being presented before the prayer card was

19   entered into evidence.  Second, as noted above, trial counsel acted diligently in objecting to this

20   evidence on a number of grounds, including relevance, foundation, and prejudicial effect.

21   Moreover, since the prayer card was properly admitted into evidence, any further objection to its

22   admission by trial counsel would have been futile. Counsel's failure to raise a meritless legal

23   argument does not constitute ineffective assistance of counsel. See, Shah v. United States, 878

24   F.2d 1156, 1162 (9th Cir. 1989).

25          Finally, even assuming counsel's investigative efforts were deficient, the resulting

26   prejudice must be weighed in light of the strength of the government's case.  Bragg, 242 F.3d at

27   1088.  Police officers conducted a parole search of Petitioner's person and home.  They also

28   searched a vehicle owned by Petitioner.  Officers found 83.01 grams of methamphetamine and a

1   digital scale hidden under the hood of the car.  They found more methamphetamine in the trunk

2   of the car, and on Petitioner's person.  In his residence they found more methamphetamine,

3   payment records, paraphernalia for both drug use and sale, and a firearm.  Given the

4   overwhelming evidence of Petitioner's guilt, there is no reasonable probability that, but for

5   counsel's alleged failure to investigate, the outcome of the trial would have been any different.

6   Strickland, 466 U.S. at 694.

7          Petitioner has failed to demonstrate either that trial counsel's performance was deficient,

8   or that the alleged deficiency had any impact on the result at trial.  Accordingly, Petitioner has

9   failed to demonstrate ineffective assistance of counsel, and his claim should be denied.

10                              **RECOMMENDATION**

11         The Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be

12   DENIED and the Clerk of the Court be DIRECTED to enter judgment.

13         These Findings and Recommendations are submitted to the United States District Court

14   Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

15   Local Rules of Practice for the United States District Court, Eastern District of California.

16         Within thirty (30) days after being served with a copy, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

19   shall be served and filed within ten (10) court days (plus three days if served by mail) after

20   service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

21   28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

22   specified time may waive the right to appeal the District Court's order.  Martinez v. Y1st, 951

23   F.2d 1153 (9th Cir. 1991).

24   IT IS SO ORDERED.

25   **Dated:    April 22, 2008                            /s/ John M. Dixon**
                                               UNITED STATES MAGISTRATE JUDGE

26

27

28